IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**RICKY FREEMAN and BRENDA FAYE HUNTER,**

        Plaintiffs,

v.                                                   Case 2:11-cv-02424-SHM-cgc

**LAQUITA SULLIVAN** (Section 8, Memphis Housing Authority), **REGINA FISHER** (Eligibility Specialist, Memphis Housing Authority), **ROBERT LIPSCOMB** (Director, Memphis Housing Authority), **MEMPHIS HOUSING AUTHORITY** (a corporation), **ADRENA JAMES** (Memphis Housing Authority), **CARLOS OSEGUEDA** (Director, U.S. Department of Housing and Urban Development), **TURNER RUSSELL** (Director, Office of Enforcement/FHEO, U.S. Department of Housing and Urban Development), **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT OFFICE OF ENFORCEMENT/ FHEO** (a corporation)**, LYNN GROSSO** (Director, Office of Enforcement/FHEO, U.S. Department of Housing and Urban Development)**, and GREGORY BERNARD KING** (Civil Rights Analyst/ Conciliator, U.S. Department of Housing and Urban Development),

        Defendants.

---

**REPORT AND RECOMMENDATION ON DEFENDANTS UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT OFFICE OF ENFORCEMENT/FHEO, LYNN GROSSO, GREGORY BERNARD KING, AND CARLOS OSEGUEDA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Defendants United States Department of Housing and Urban

Development Office of Enforcement/FHEO ("HUD"), Lynn Grosso, Gregory Bernard King, and Carlos Osegueda's (collectively "Federal Defendants")[1] Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (Docket Entry "D.E." #33). This motion was referred to the United States Magistrate Judge (D.E. #35) for Report and Recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B)-(c). For the reasons set forth herein, the Magistrate Judge recommends that Defendants' Motion to Dismiss be GRANTED.

**I. Background**

On May 27, 2011, Plaintiffs filed a pro se Complaint alleging claims of housing discrimination. On February 10, 2012, Plaintiffs filed a pro se Amended Complaint (D.E. #8), which the District Court has determined to be the operative pleading in this case. (D.E. #14). The Amended Complaint[2] includes the following documents: (1) "Complaint Information" signed by Plaintiff Freeman; (2) "Complaint Information" signed by Plaintiff Hunter; (3) "Complaint" signed by Plaintiff Freeman and Plaintiff Hunter; (4) "Supporting Documents" as to Plaintiff Freeman; and, (5) "Supporting Documents" as to Plaintiff Hunter.[3]

---

[1] The United States asserts that individually named federal defendant Turner Russell, Director, Office of Enforcement/FHEO, U.S. Department of Housing and Urban Development, "upon information and belief, has not received service of process, and is therefore not a party to this motion." The Court's Electronic Case Filing docket likewise reflects that the summons as to Turner Russell was returned unexecuted on October 2, 2012.

[2] It is well-settled that an amended complaint "supersedes" an original complaint. The practice of considering only the operative complaint is not altered for pro se litigants. *See Nancy Ann Ashenhurst-Gallina v. James A. Kandrevas*, No. 08-11464-BC, 2009 WL 1424802, at *4-*5 (E.D.Mich. May 19, 2009). In this case, Plaintiffs do not incorporate by reference the original Complaint; thus, the Court will consider the Amended Complaint, which the District Court has declared to be the operative pleading.

[3] The Amended Complaint's unorthodox collection of documents is inconsistent with Rule 3 of the Federal Rules of Civil Procedure, which requires that a "civil action is commenced by filing *a complaint* with the court." Fed. R. Civ. P. 3. However, the Magistrate Judge will

2

There are no allegations against HUD or the individually named federal defendants in the portion of the Amended Complaint signed by both Plaintiff Freeman and Plaintiff Hunter. In Plaintiff Freeman's individually signed portion of the Amended Complaint, he alleges that HUD refused to allow his girlfriend, Plaintiff Hunter, to live with him. Plaintiff Freeman alleges that Plaintiff Hunter "needed" him to "attend to her" because she has diabetes and heart problems, had surgery on her right toe, "gets tired of getting her shots," and "can barely move around herself." Plaintiff Freeman further alleges that HUD is "keeping [whatever] violations of the law" committed by MHA "away from" them.

Plaintiff Freeman alleges that Defendant Grosso violated the law by signing paperwork that was addressed to Director Turner Russell, knowing that Memphis Housing Authority ("MHA") violated he and Plaintiff Hunter's rights but doing "nothing to stop it," and denying that MHA "did any wrong." Plaintiff Freeman also questions why mail from Defendant Grosso was coming from Fort Worth, Texas rather than Washington, D.C.

Plaintiff Freeman alleges that Defendant King violated the law when "he added facts to describe, and clarify, the incident," which Plaintiff Freeman claims supported his allegations of failure to make a reasonable accommodation[4], but then apparently acted contrarily to these assertions and denied that MHA "did wrong." Plaintiff Freeman alleges that he asked Defendant King if any men were "on the Section 8 program, down South." Plaintiff Freeman alleges that Defendant King

---

consider the substance of the filings despite this improper form of filing the Amended Complaint.

[4] Other portions of the Amended Complaint clarify that the alleged failure to make a reasonable accommodation is based upon the fact that no "grab bars" were installed in the New Horizon Apartments.

responded that he was "the only one." Thus, Plaintiff Freeman alleges that "they" might be discriminating against men by not providing them government-subsidized housing "down South."

Plaintiff Freeman alleges that Defendant Osegueda knew that MHA violated their rights because Defendant King, a Civil Rights Analyst and Conciliator for HUD, "added facts, to describe and clarify the incidents, that support the failure" to make a reasonable accommodation.

In Plaintiff Hunter's individually signed portions of the Amended Complaint, she alleges that HUD denied "any wrongdoing of Federal Law regarding the Housing Act and Rehabilitation Act." She alleges that Defendant Grosso denied that the federal government had violated the Housing Act and Rehabilitation Act. She alleges that Defendant Osegueda "denied there was discrimination, when facts were stated that [she] was clearly discriminated against, because of facts in . . . [the] Housing Act and Rehabilitation Act." She alleges that Defendant King "constantly denied" that HUD had discriminated against her "for being on [Plaintiff Freeman's] Section 8 Voucher" for affordable housing. She alleges that Defendant King also told Plaintiff Freeman that he did not know "what good it . . . would do" for him to speak with Plaintiff Hunter about their situation but that, in her opinion, Defendant King "should have wanted . . . to talk to [her]" because her "name is on a case number" with HUD. She alleges that Defendant King "tried to settle" their case via telephone, advised that MHA was prepared to offer $521.00, then offered $1,000.00 to settle the case. Plaintiff Hunter alleges that these offers to settle demonstrate that HUD had violated the law.

Plaintiffs additionally have added individual exhibits to the Amended Complaint. Plaintiff Freeman has provided a Notice of Change in Payment from the Social Security Administrate dated November 27, 2011 stating that he will begin receiving $698.00 per month in January, 2012. Plaintiff Freeman also attached a Tenant Rent Allocation Notice from Dakota County Community

4

Development Agency in Eagan, Minnesota, dated November 22, 2011, showing that Plaintiff Freeman and Plaintiff Hunter are both "[a]ssisted household members," that the "contract rent" was $690.00, that the "tenant rental portion" was $387.00, and that the "CDA assisted portion" was $303.00. Plaintiff Hunter also attached a Notice of Change in Payment from the Social Security Administration dated November 27, 2011 stating that she will begin receiving $530.00 per month in January, 2012.

On November 29, 2012, HUD and the individually named federal defendants brought the instant Motion to Dismiss or, in the alternative, Motion for Summary Judgment pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. The Federal Defendants argue that Plaintiffs brought the instant action pursuant to the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601, *et seq.,* and that Plaintiffs appear to allege that the Federal Defendants violated Sections 3604(f)(1) and (f)(3)(b) of the FHA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq.*[5] The Federal Defendants assert that Plaintiffs' Amended Complaint should be dismissed for the following reasons: (1) failure to allege an applicable waiver of sovereign immunity; (2) lack of subject matter jurisdiction; (3) failure to present "any evidence to support the claim that the HUD employees, sued in their individual capacity, did not follow proper procedures regarding investigation and resolution of Plaintiffs' complaints previously filed with HUD." In support of the Federal Defendants' motion, they filed the following exhibits: (1) Second Amended Housing Complaint, Case Numbers 04-07-0190-8 and 04-07-0190-4, filed by Plaintiff Freeman and

---

[5] Plaintiffs' Amended Complaint does not explicitly mention that HUD, Grosso, King, or Osegueda violated any of these provisions. Instead, it appears to the Court that the Federal Defendants may believe that these are the potential legal bases for Plaintiffs' Amended Complaint based upon the prior HUD complaints and the factual bases listed by Plaintiffs in the Amended Complaint.

5

listing Plaintiff Hunter under "Other Aggrieved Persons"; (2) Determination issued in *Ricky Freeman v. New Horizon Apartments, et al.*, Case 04-07-0185-8; and, (3) Determination issued in *Ricky Freeman v. Memphis Housing Authority (Section 8)*, Case 04-07-0190-8.

On December 10, 2012, Plaintiffs filed their Response to the Federal Defendants' motion. Plaintiffs argue that they have stated a claim upon which relief may be granted "for a total of two million dollars"—one million dollars as to Plaintiff Freeman and one million dollars as to Plaintiff Hunter—or "more than that, for each separate and distinct discriminatory practice." Plaintiffs state that, as all public housing authority "work for" HUD, that MHA's "rules and regulations" cannot be different from HUD's. Plaintiffs allege that HUD "published rules and regulations to implement the HCVP, in title 24, that states, that disabled persons can live together."[6] Plaintiffs claim that Defendants Grosso, King, and Osegueda violated their rights "because they misused their authority." Plaintiff further claim that Defendant King's letter dated November 6, 2007 "states that they definitely did something against us." In support of Plaintiffs' Response, they filed the following documents: (1) Page 9 of 15 of a document that purports to be from the record in *Freeman v. Memphis Housing Authority*, Case 04-07-0190-8, with handwritten underlinings and markings; (2) a document purportedly from Memphis Housing Authority's Administrative Plan Housing Choice Voucher Program; and, (3) a November 6, 2007 letter from Defendant King to Plaintiff Freeman regarding his second amended complaint in Case 04-07-0190-4.

**II. Proposed Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim may be dismissed

---

[6] It appears to the Court that Plaintiffs' reference to the HCVP may be to Memphis Housing Authority's Housing Choice Voucher Program, which is referenced in Plaintiffs' exhbits.

for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion that attacks jurisdiction based upon the face of the pleading requires that the court accept the non-moving party's allegation of facts as true. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir.2004). A Rule 12(b)(1) motion that challenges the factual basis of the court's jurisdiction requires the party asserting jurisdiction bears the burden of establishing it. *Id.* The Court must be satisfied that the jurisdictional and standing requirements are met before addressing the substance of Plaintiff's claims on the merits. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard

7

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III. Proposed Conclusions of Law

First, the United States asserts sovereign immunity and argues that Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v.*

*Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). The terms of the United States' "consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). "In the absence of clear congressional consent," there is no jurisdiction in any court to entertain suits against the United States. *Mitchell*, 445 U.S. at 538 (quoting *Sherwood*, 312 U.S. at 587-88)). Plaintiff bears the burden to "identify a waiver of sovereign immunity to proceed." Sovereign immunity extends to employees sued for compensatory damages in their official capacity, as such an action is in essence a suit against the sovereign for recovery of monies to be paid from its treasury. *Martin v. University of Louisville*, 541 F.2d 1171, 1177 (6th Cir. 1976). *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007) (quoting *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)).

In the instant case, Plaintiffs' Amended Complaint does not specify the legal basis for their claims against the Federal Defendants. Without setting forth any statutory basis for their claims, Plaintiff cannot bear the burden of identifying any Congressional waiver in the statute of sovereign immunity. Further, Plaintiffs did not plead any waiver of sovereign immunity in their Amended Complaint, nor did they argue that any such waiver had occurred in their Response to this Motion. With respect to the individually named Federal Defendants, the Amended Complaint only requests compensatory damages for alleged violations in their official capacity; thus, sovereign immunity extends to Defendants Grosso, King, and Osegueda. As Plaintiff bears the burden to establish waiver of sovereign immunity and has failed to do so, the Magistrate Judge recommends that the claims against Defendants HUD, Grosso, King, and Osegueda be dismissed on the grounds of

sovereign immunity for lack of subject matter jurisdiction under Rule 12(b)(1).[7]

### III. Conclusion

For the reasons set forth herein, the Magistrate Judge recommends that Plaintiffs' claims against Defendants HUD, Grosso, King and Osegueda be dismissed as a matter of law pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[8]

**DATED** this 24th day of April, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[7] Additionally, while Plaintiffs have not clearly plead the legal basis of their claims against HUD, Gross, King, and Osegueda, the Federal Defendants have endeavored to ascertain the potential legal grounds for Plaintiffs' Amended Complaint. The Federal Defendants assert that Plaintiffs appear to allege that they violated Sections 3604(f)(1) and (f)(3)(b) of the FHA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq.* The Supreme Court has held that Congress has not waived sovereign immunity against awards of monetary damages for violations of Section 504 of the Rehabilitation Act of 1973. *Lane v. Pena*, 518 U.S. 190-198 (1996); *see also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009). The Sixth Circuit has likewise held that "nothing in the Fair Housing Act . . . can be construed as a congressional abrogation" of sovereign immunity. 944 F.2d 905 (1991).

[8] As the Magistrate Judge recommends that Plaintiffs' claims against HUD, Grosso, King and Osegueda be dismissed as a matter of law on the grounds of sovereign immunity, the Magistrate Judge did not reach the remaining issues raised by the Federal Defendants.